09-4986-ag
Chen v. Holder

BIA
A073 133 568

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of October, two thousand ten.

PRESENT:
>       ROGER J. MINER,
>       JOSÉ A. CABRANES,
>       DENNY CHIN,
>           *Circuit Judges*.

———————————————————————————

BAO MI CHEN, a.k.a. BAOMI CHEN,
>       *Petitioner*,

>       v.                                        09-4986-ag
>                                                 NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

———————————————————————————

FOR PETITIONER:         Gary J. Yerman, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; John C. Cunningham, Senior
                        Litigation Counsel; Joseph D. Hardy,
                        Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bao Mi Chen ("Chen"), a native and citizen of the People's Republic of China, seeks review of the November 17, 2009 order of the BIA denying his motion to reopen. *In re Bao Mi Chen*, No. A073 133 568 (B.I.A. Nov. 17, 2009). The BIA denied Chen's motion to reopen as untimely filed and number barred, and the BIA found inapplicable the exception for alleged changed country conditions in Chen's native People's Republic of China.

We "review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen are disfavored . . . ." *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (internal quotation marks omitted). As in this case, when the BIA evaluates evidence of "changed country conditions" submitted with a motion to reopen, we review its findings for whether substantial evidence supports the BIA's findings. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely and number-barred. *See Ali*, 448 F.3d at 517. A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened and only one such motion may be filed. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's second motion to reopen, filed in February 2009, was numerically barred and untimely. *See id.*

The time and number limitations do not apply to a petitioner's motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii). In denying Chen's motion to reopen, the BIA reasonably concluded that his adoption of Christianity in the United States — well over a decade after an immigration judge originally denied Chen's application for asylum — did not excuse the time or number limit barring his motion because it constituted a change in his personal circumstances rather than a change in circumstances "arising in the country of nationality." *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

3

Furthermore, the BIA did not err in finding that Chen failed to demonstrate a material change in country conditions with respect to the treatment of underground churches in China. *See Jian Hui Shao*, 546 F.3d at 169. The record supports the BIA's finding that the treatment of unregistered religious groups varies widely within China, with some areas allowing such groups to practice openly. Moreover, the religious persecution recounted in the State Department Reports in the record is identified as occurring in provinces other than Chen's native Fujian Province. Although Chen proffered a letter written to him from his native province, which discussed the suppression of underground churches, this letter failed to indicate if this activity has changed in any material way since 1995, when Chen was originally excluded from the United States. Therefore, the BIA reasonably found that the conclusory assertions contained in this letter regarding changed circumstances in the Fujian Province were insufficient to establish changed circumstances that would materially alter the outcome of Chen's case, particularly absent any comparative evidence of the treatment of underground churches in Chen's home province at the time of his hearing before the immigration judge. *See Jian Hui Shao*, 546 F.3d

4

at 169 ; 8 C.F.R. § 1003.2(c)(3)(ii); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 257 (B.I.A. 2007) (finding that "a new report or a new law is not evidence of changed conditions without convincing evidence that the prior version of the law was different, or was differently enforced, in some relevant and material way").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk